TUGBOAT, INCORPORATED, a corporation, Plaintiff,

v.

SEAFARERS INTERNATIONAL UNION OF NORTH AMERICA, AFL–CIO, an unincorporated association, et al., Defendants.

Civ. A. No. 7647–73–T.

United States District Court,
S. D. Alabama, S. D.

July 3, 1975.

Alex F. Lankford, III and W. Ramsey McKinney, Jr., Mobile, Ala., for plaintiff.

Marshall J. DeMouy and Frank B. McRight, Mobile, Ala., Macdonald Flinn and White & Case, New York City, for defendants Mobile Towing Co., Moran Towing Corp. and Moran Towing & Transp. Co., Inc.

Lionel L. Layden, Mobile, Ala., Richard H. Markowitz, New York City, for defendant Nat. Marine Engineers Beneficial Association.

Otto E. Simon, Mobile, Ala., Howard Schulman, New York City, for defendants Seafarers International Union of North America, AFL–CIO, Louis F. Neira, and Robert L. Jordan.

## ORDER

DANIEL HOLCOMBE THOMAS, Senior District Judge.

The above-styled cause was heard on June 27, 1975, on some twenty-seven motions of the plaintiff and various additional defendants on the counterclaims (ADOCs) to dismiss the counterclaims filed by the defendant unions in this action. Said motions are individually listed as items 3 through 29 on the Court's notice of hearing on motions, which notice is attached hereto as Appendix "A". The issues raised by the motions to dismiss are not new to this action and have previously been ruled on by this Court in its orders dated June 4, 1974; June

17, 1974; June 25, 1974; July 17, 1974; and September 6, 1974.

The plaintiffs and ADOCs argue that the defendant unions have no standing to assert their counterclaims under the antitrust laws, that the counterclaims fail to state a claim upon which relief can be granted, and that the Court lacks jurisdiction over the subject matter of the counterclaims.

These actions were commenced by the plaintiff against the named defendants alleging violations of Sections 1 and 2 of the Sherman Anti-Trust Act, 15 U.S.C. §§ 1 & 2. Simultaneously with the filing of Answers to the Third Amended Complaint against the defendant unions, these unions filed counterclaims against the plaintiff and joined additional defendants on the counterclaims. The counterclaims alleged that the defendant unions had represented certain tugboat employees in the Port of Mobile and had labor contracts with defendant Mobile Towing Company. Plaintiff and Mobile Towing Company contract with shipping companies and others to provide tugboat services in the Port of Mobile. The defendant unions represent certain employees of defendant Mobile Towing Company.

The counterclaims of defendant unions charge that the plaintiff and the ADOCs engaged in combinations and conspiracies to restrain and monopolize in interstate and foreign trade and commerce tugboat operations and services in the Port of Mobile in violation of Sections 1 and 2 of the Sherman Act. The counterclaims further charge that in furtherance of their attempt to restrain and monopolize said tugboat operations, the plaintiff and ADOCs organized and unlawfully dominated a collective bargaining unit represented by certain of the ADOCs and also executed a sham collective bargaining agreement with the purpose of permitting the plaintiff to engage in business activities, free from any interference by the defendant unions.

After due consideration of said motions to dismiss and arguments of counsel, the Court is of the opinion that the motions should be granted. The alleged purpose of the antitrust violations asserted by the defendant unions in their counterclaims is the restraint and monopolization of tugboat operations and services in the Port of Mobile. It affirmatively appears from the face of the counterclaims that the defendant unions are not competitors in the trade or business of tugboat operations at the Port of Mobile. Thus, the injuries allegedly suffered by the defendant unions arise, if any at all, indirectly out of injuries to the business of Mobile Towing Company, that being tugboat operations and services. In order to have standing to sue under the provisions of the Clayton Act, 15 U.S.C. §§ 15 & 26, allowing private parties to bring suits for violations of the antitrust laws, a private party must have suffered a direct injury to his business or property as a result of the antitrust violations. *Martens v. Barrett*, 245 F.2d 844 (5th Cir. 1957); *Centanni v. T. Smith & Son, Inc.*, 216 F.Supp. 330 (E.D.La.1963) aff'd 5 Cir., 323 F.2d 363. Defendant unions' concern with tugboat operations and services in the Port of Mobile and with any purported artificial restraints on, or monopolization of, that market is only peripheral in nature. Therefore, any effect such restraints or monopolization may have upon the defendant unions is incidental and not such as to allow a claim within the reach of the Clayton Act and the Sherman Act. Accordingly, the Court finds that the defendant unions do not have standing to sue for the alleged antitrust violations as charged in their counterclaims. Having so found, the Court does not reach the other issues raised by the motions to dismiss.

Therefore, it is hereby ORDERED, ADJUDGED and DECREED that the motions to dismiss which are listed as items 3 through 29 in Appendix "A" attached hereto are GRANTED.

APPENDIX "A"

Please take notice that the following motions, and any other motions still pending which are filed prior to that date, have been set for oral argument before Judge Daniel H. Thomas, in *ROOM 301, U. S. Court House & Custom House Building, St. Louis & St. Joseph Streets, Mobile, Alabama, at NINE— THIRTY (9:30) O'CLOCK A.M. on FRIDAY, JUNE 27, 1975.*

1. Motion to dismiss third amended complaint, filed by defendants DISTRICT No. 1—PACIFIC COAST DISTRICT, NMEBA and INTERNATIONAL NMEBA on January 15, 1975.

2. Motion to dismiss third amended complaint, filed by defendants SEAFARERS INTERNATIONAL UNION OF NORTH AMERICA, AFL–CIO, ET ALS. on January 29, 1975.

3. Motion to dismiss National MEBA's counterclaims, filed by Plaintiff, TUGBOAT, INC. on January 30, 1975.

4. Motion to dismiss Inland Boatmen's Union's counterclaims, filed by Plaintiff on January 30, 1975.

5. Motion to dismiss counterclaims filed by District No. 1—Pacific Coast District, MEBA, filed by RYAN– WALSH STEVEDORING COMPANY, INC. on February 3, 1975.

6. Motion to dismiss counterclaims filed by District No. 1—Pacific Coast District, MEBA, filed by Plaintiff on January 30, 1975.

7. Motion to dismiss counterclaims filed by National MEBA against WALSH STEVEDORING COMPANY, INC. filed by RYAN–WALSH STEVEDORING COMPANY, INC. on February 3, 1975.

8. Motion to dismiss counterclaim of I.B.U. filed by ADOC RYAN– WALSH STEVEDORING CO. INC. on February 4, 1975.

9. Motion to dismiss counterclaims filed by Inland Boatmen's Union of Seafarers International Union of North America-Atlantic, Gulf, Lakes and Inland Waters District, against them, filed by ADOC's Martin J. Walsh, George A. Manders, William P. Manders, III and William P. Manders, Jr. on February 4, 1975.

10. Motion to dismiss IBU's counterclaims against them, filed by F. B. WALKER & SONS, INC. on February 19, 1975.

11. Motion to dismiss IBU's counterclaims against them, filed by JOHN F. WALKER, JR. and KENNETH H. WILLIS, SR. on February 19, 1975.

12. Motion to dismiss Counterclaims of NMEBA filed by Associated Maritime Workers, on February 24, 1975.

13. Motion to dismiss Counterclaims of DISTRICT NO. 1, MEBA, filed by Associated Maritime Workers on February 24, 1975.

14. Motion to dismiss Counterclaims of District No. 1, MEBA, filed by ELWOOD KYSER on February 24, 1975.

15. Motion to dismiss Counterclaims of National Marine Engineers Beneficial Association filed by ELWOOD KYSER on February 24, 1975.

16. Motion to dismiss the Counterclaims of Inland Boatmen's Union of Seafarers International Union of North America-Atlantic, Gulf, Lakes and Inland Waters District ("IBU"), filed by ELWOOD KYSER on February 24, 1975.

17. Motion to dismiss Counterclaims of DISTRICT NO. 1, MEBA, filed by ALLEN SCOTT on February 24, 1975.

18. Motion to dismiss Counterclaims of NMEBA filed by ALLEN SCOTT on February 24, 1975.

19. Motion to dismiss Counterclaims of DISTRICT NO. 1, MEBA,

**1134**

filed by International Longshoremen's Association, on February 24, 1975.

20. Motion to dismiss Counterclaims of NMEBA filed by International Longshoremen's Association on February 24, 1975.

21. Motion to dismiss Counterclaims of IBY filed by International Longshoremen's Association on February 24, 1975.

22. Motion to dismiss Counterclaims of IBU filed by LOCAL 1410, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION on February 24, 1975.

23. Motion to dismiss Counterclaims of DISTRICT NO. 1, MEBA, filed by Local 1410 International Longshoremen's Association on February 24, 1975.

24. Motion to dismiss counterclaims of NMEBA filed by Local 1410, International Longshoremen's Association, on February 24, 1975.

25. Motion to dismiss Counterclaims of District No. 1, MEBA, filed by International Organization of Masters, Mates and Pilots on February 24, 1975.

26. Motion to dismiss Counterclaims of NMEBA, filed by International Organization of Masters, Mates and Pilots on February 24, 1975.

27. Motion to dismiss Counterclaims of IBU filed by International Organization of Masters, Mates and Pilots on February 24, 1975.

28. Motion to dismiss Counterclaims of IBU filed by Associated Maritime Workers on March 25, 1975.

29. Motion to dismiss Counterclaims of IBU filed by Allen Scott on March 25, 1975.

If you wish to have any witnesses subpoenaed in connection with the hearing of these motions, please let the Clerk's office have your requests as promptly as possible.

If you wish a Court Reporter present, please notify in writing, Mr.

Charles L. Reese, Post Office Box 1971, Mobile, Alabama 36601, with a copy to the Clerk's office.

Date: June 4, 1975.

WILLIAM J. O'CONNOR, CLERK,

By- (s) M. P. Cox
Deputy Clerk.